# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff-Respondent,<br><br>     v.<br><br>JESUS MARA-FIGUEROA,<br><br>           Defendant-Movant. | Case No. 4:14-cv-000348-BLW<br>        4:10-cr-000131-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Jesus Mara-Figueroa's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1).  For the reasons set forth below, the Court shall dismiss the motion.  This motion was inadvertently addressed and dismissed in a prior decision in the criminal case in connection with other pending motions in that case.  *See Mem. Dec. and Order*, Crim. Dkt. 329.  Although the result is the same, the Court provides further analysis here and denies a certificate of appealability.

## BACKGROUND

On March 18, 2011, Mara-Figueroa entered into a Plea Agreement pursuant to which he agreed to plead guilty to Count One of the Superseding Indictment charging conspiracy to distribute in excess of 50 grams of methamphetamine in return for the

**MEMORANDUM DECISION AND ORDER - 1**

Government's agreement to dismiss the remaining twenty-one (21) counts against him. *Plea Agreement*, Crim. Dkt. 160.  He entered his plea on April 7, 2011, and the Court imposed sentence of 70 months of incarceration on August 4, 2011.  *Minutes*, Crim. Dkt. 185; *Judgment*, Crim. Dkt. 287.

Pursuant to the terms of the Plea Agreement, Mara-Figueroa agreed to immediately forfeit to the United States the property set out in the Superseding Indictment including at least $20,000 or substitute assets of that value.  *Plea Agreement* at 4.  He agreed to consent to the entry of orders of forfeiture of the property and to waive his rights regarding notice of the forfeiture.  *Id*. at 5.  He also agreed to waive all constitutional, legal, and equitable challenges to any forfeiture carried out in accordance with the Plea Agreement, and not to challenge any civil or administrative forfeiture of any property subject to forfeiture under the Plea Agreement.  *Id*. at 6.  The Court entered a Preliminary Order of Forfeiture (Crim. Dkt. 241) after the plea hearing but prior to sentencing and a Final Order of Forfeiture (Crim. Dkt. 300) on October 13, 2011.

Mara-Figueroa did not appeal his conviction or sentence.  However, on May 15, 2014, he filed a Motion for Return of Property (Crim. Dkt. 321).  On July 11, 2014, he filed a second Motion for Return of Property (Crim. Dkt. 324) and Motion to Set Aside Judicial Forfeiture (Crim. Dkt. 325).  On August 22, 2014, while those motions were pending, Mara-Figueroa filed a § 2255 Motion.  On November 7, 2014, the Court denied all pending motions in the criminal case.  *Mem. Dec. and Order*, Crim. Dkt. 329. Contrary to usual practice, the Court addressed the § 2255 Motion in the criminal case

**MEMORANDUM DECISION AND ORDER - 2**

and did so without full consideration of the issues and without granting or denying a certificate of appealability as required by Rule 11 of the Rules Governing Section 2255 Proceedings.

## DISCUSSION

In his § 2255 Motion, Mara-Figueroa alleges four grounds for relief:  (1) involuntary plea based on counsel's failure to advise him adequately about the forfeiture provision of the Plea Agreement, (2) ineffective assistance for failure to assure that there was an adequate factual basis for his guilty plea regarding his intent to knowingly participate in the conspiracy, (3) ineffective assistance of counsel for failure to provide him an opportunity to allocute, and (4) ineffective assistance of counsel for failure to file a timely notice of appeal.  Although captioned as pertaining to lack of opportunity to allocute, Ground Three appears to be substantially the same as Ground One.

Motions filed pursuant to 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1). In a case such as the present one, where there was no direct appeal, a judgment of conviction becomes final when the time for filing a notice of appeal has expired under Rule 4 of the Federal Rules of Appellate Procedure.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

Here, Judgment was entered on August 4, 2011.  *Judgment*, Crim. Dkt. 287. Therefore, Mara-Figueroa's conviction became final fourteen (14) days later on August 18, 2011, and the deadline for filing a § 2255 motion became August 18, 2012.  *See* Fed.

MEMORANDUM DECISION AND ORDER - 3

R. App. P. 4(b)(1)(A).  Mara-Figueroa, however, did not file his § 2255 Motion until

August, 2014, two years after the deadline had passed.

Ordinarily, when a § 2255 motion is untimely on its face, rather than setting a

briefing schedule, the Court notifies the movant that his § 2255 motion will be subject to

dismissal unless he shows cause why his motion should not be dismissed as untimely

based on evidence he submits indicating that he has diligently pursued his rights and

extraordinary circumstances prevented timely filing thus entitling him to equitable

tolling.  *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010)

(citing *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling, however, is

warranted in very limited circumstances.  *Spitzen v. Moore*, 345 F.3d 796, 799 (9th Cir.

2003)*.  See also*, *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.), *cert. denied*, 537

U.S. 1003 (2002) (noting "[w]e have made clear . . . that equitable tolling is 'unavailable

in most cases'" and that "the required threshold necessary to  trigger equitable tolling

[under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted).

Here, recognizing that his conviction had become final several years before he

filed the § 2255 Motion, Mara-Figueroa claims that the § 2255 Motion is timely not

because of equitable tolling but because of statutory tolling under § 2255(f)(4) which

allows the one-year limitation period to run from "the date on which the facts supporting

the claim or claims presented could have been discovered through the exercise of due

diligence."  *§ 2255 Motion ¶* 13.  He contends that he was unaware of the judicial

**MEMORANDUM DECISION AND ORDER - 4**

forfeiture or monetary judgment until the Government responded to his motion for return of property. *Id.* The Response was filed in June 4, 2014. *Response*, Crim. Dkt. 322.

Section 2555(f)(4) by its terms extends the commencement of the limitations period only as to the claim or claims to which the discovered facts pertain. Mara-Figueroa's alleged late discovery of the forfeiture does not support his claim regarding counsel's failure to challenge the alleged insufficiency of the evidence (Ground Two) and failure to file a notice of appeal (Ground Four). Accordingly, § 2255(f)(4) is clearly not applicable to those claims.

Grounds One and Three do relate to the alleged late discovery of the forfeiture. Under these grounds, Mara-Figueroa seeks only an order vacating the forfeiture. The Court finds his claim that he was unaware of the forfeiture until recently less than credible given that the record contains the Plea Agreement bearing his signature indicating his agreement to the forfeiture and an indication at sentencing that he agreed to the forfeiture. *Plea Agreement*, Crim. Dkt. 160; *Sent. Min.*, Crim. Dkt. 286. In any event, a challenge to a forfeiture order is not cognizable in a § 2255 proceeding as § 2255 is available only to prisoners claiming the right to release from custody. *See United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999) (rejecting claim that restitution order violated his due process rights and right to effective assistance of counsel because § 2255 is only available to prisoners seeking release from custody and not for challenging fines or restitution orders). *See also United States v. Finze*, 428 Fed. Appx. 672 at *4 (9th Cir. 2011) (claim limited to constitutionality of a forfeiture order is not a cognizable § 2255

**MEMORANDUM DECISION AND ORDER - 5**

claim) (citing *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002)); *Thiele*, *id.* (whether or not the motion contained other claims seeking release from custody, claim of ineffective assistance of counsel for failure to argue that defendant would be unable to pay the restitution ordered was not cognizable); *United States v. Robinson*, 152 F.3d 981 at *1 n.1  (9th Cir. 1998) ("To the extent that Robinson challenges the forfeiture itself, we find such claims are not cognizable in a section 2255 motion.").

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong.  *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's ruling that the § 2255 Motion is time-

barred or that forfeiture challenges are not cognizable in a § 2255 proceeding to be debatable or wrong.

## ORDER

**IT IS ORDERED:**

1. Jesus Mara-Figueroa's Motion pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1 and Crim. Dkt. 327) is **DISMISSED**.

2. No certificate of appealability shall issue.  Mara-Figueroa is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.  To do so, he must file a timely notice of appeal.

3. If Mara-Figueroa files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.  The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: May 6, 2015

B. Lynn Winmill
Chief Judge
United States District Court